# In re Jose Cornelio PONCE-HERNANDEZ, Respondent

## File A29 906 261 - Houston

*Decided May 28, 1999*

U.S. Department of Justice
Executive Office for Immigration Review
Board of Immigration Appeals

The Immigration and Naturalization Service met its burden of establishing a minor respondent's deportability for entry without inspection by clear, unequivocal, and convincing evidence, where (1) a Record of Deportable Alien (Form I-213) was submitted, documenting the respondent's identity and alienage; (2) the respondent, who failed without good cause to appear at his deportation hearing, made no challenge to the admissibility of the Form I-213; and (3) there were no grounds for a finding that the admission of the Form I-213 would be fundamentally unfair.

Pro se

Lisa Luis, Assistant District Counsel, for the Immigration and Naturalization Service

Before: Board En Banc: DUNNE, Vice Chairman; VACCA, HEILMAN, HOLMES, HURWITZ, FILPPU, COLE, MATHON, JONES, GRANT, SCIALABBA, and MOSCATO, Board Members. Dissenting Opinion: ROSENBERG, Board Member, joined by SCHMIDT, Chairman; VILLAGELIU and GUENDELS-BERGER, Board Members.

HURWITZ, Board Member:

In a decision dated April 1, 1996, the Immigration Judge issued an order terminating the deportation proceedings in this case. The Immigration Judge found that the respondent's deportability had not been established by clear, unequivocal, and convincing evidence. *See Woodby v. INS*, 385 U.S. 276 (1966). The Immigration and Naturalization Service timely appealed the decision. The appeal will be sustained and the record will be remanded to the Immigration Judge.

The respondent was not present at the hearing below, although he had been properly notified of the date and time of the hearing. The respondent apparently entered the country without inspection. He was apprehended

by the Immigration and Naturalization Service near Brownsville, Texas. He was personally served with an Order to Show Cause and Notice of Hearing (Form I-221) on November 14, 1995. He was 15 years old at the time.

The Immigration Judge found, as an initial matter, that the respondent had been properly notified of the time and the place of the deportation hearing. We agree with his finding that the Order to Show Cause in this case was properly served on the respondent, and that the respondent's absence provided a basis for holding his deportation hearing in absentia. *See* section 242B of the Immigration and Nationality Act, 8 U.S.C. § 1252b (1994).

The remaining question is whether the Service met its burden of proving the respondent's deportability for entry without inspection by clear, unequivocal, and convincing evidence, as required. We find that the Service met this burden and therefore that the Immigration Judge should have sustained the deportation charge.

To establish the respondent's deportability, the Service produced a copy of a Record of Deportable Alien (Form I-213) which was dated November 14, 1995. The Form I-213 stated that the respondent was a native and citizen of El Salvador who last entered the United States without inspection on November 11, 1995. It also contained personal information regarding the respondent's sex, hair, eyes, complexion, height, weight, marital status, and occupation, which is a laborer. It also contained specific information regarding the names and nationality of the respondent's parents and the town in El Salvador where he resided before illegally entering the United States. The Form I-213 was signed by the Service agent who completed the document. The narrative portion of the Form I-213 contains a notation regarding funds but does not give any further information. The above-referenced information on the Form I-213 is detailed, and there is nothing to indicate that it came from anyone other than the respondent.

The test for the admissibility of evidence in deportation proceedings is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process. *See Bustos-Torres v. INS*, 898 F.2d 1053, 1055 (5th Cir. 1990). It has been held that, absent any evidence that a Form I-213 contains information that is incorrect or was obtained by coercion or duress, that document is inherently trustworthy and admissible as evidence to prove alienage or deportability. *See Matter of Barcenas*, 19 I&N Dec. 609 (BIA 1988).

Under the above test, we find that the Form I-213 is admissible as a reliable document in this case. *See Bustos-Torres v. INS*, *supra*, at 1058 (holding that a Form I-213 can suffice to establish deportability). Because the respondent failed to appear for his deportation hearing, he waived his opportunity to claim that the Form I-213 contains information

which was incorrect or obtained by coercion or duress. Further, there is nothing facially deficient about this Form I-213 that would render it inadmissible.[1]

The Immigration Judge took issue with the fact that the Form I-213 did not specify that the respondent was advised that his statements could be used against him in later proceedings. However, the record establishes that the respondent was properly served with his Order to Show Cause and read a specific set of instructions for minors being placed in proceedings. While the Order to Show Cause was most likely created after the Form I-213, the compliance with proper procedure serves as evidence that the Service acted in compliance with the rules. In light of these factors and the fact that the respondent presented no evidence that he was not fully advised of his rights, or that he was in any way prejudiced, we find no basis for discounting the contents of the Form I-213.[2]

The Immigration Judge was concerned with the fact that the respondent was a minor at the time the Form I-213 was completed. However, as the Service correctly pointed out, there is no provision in the Act or in the regulations that prohibits the use of a Form I-213 created after an encounter with an unaccompanied minor. *Cf. Matter of Amaya*, 21 I&N Dec. 583 (BIA 1996) (holding that an Immigration Judge may accept a minor's admissions to factual allegations, which may suffice to prove deportability). *But cf.* 8 C.F.R. § 242.16(b) (1996) (stating that the Immigration Court cannot accept an admission of deportability from an unaccompanied minor);[3] 8 C.F.R. §

---

[1] In questioning the reliability of the information on the Form I-213, the dissent is essentially creating arguments never raised below, because the respondent failed to appear. The alleged shortcomings of the evidence mentioned by the dissent are largely speculative.

[2] The dissent would find that an apparent regulatory violation occurred because the Form I-213 seems to indicate that the same Service officer who located or apprehended the alien also questioned him. While in some instances this could be shown to be a violation of 8 C.F.R. § 287.3 (1995), the regulations explicitly permit an arresting officer to interview an alien when "no other qualified officer is readily available and the taking of an alien before another officer would entail unnecessary delay." Since we do not know whether another officer was available, we cannot find that there has been a violation of 8 C.F.R. § 287.3(a), and we do not reach any issues associated with such a possible regulatory violation.

[3] The determinative issue in this case is not whether the Immigration Judge could rely on the minor respondent's apparent admission that he "entered without inspection," an admission arguably analogous to an "admission of deportability" referenced in 8 C.F.R. § 242.16(b). Rather, the issue is whether the uncontested facts reflected on the Form I-213 adequately establish the respondent's identity and alienage. Had the respondent appeared at the deportation proceedings as he was required to do, the Immigration Judge could have further inquired into his ability to understand any admitted facts. *See Matter of Amaya, supra*, at 586. Minors are not presumed to be incapable of understanding and admitting facts. *Id.* Therefore, a respondent who fails to appear at a properly scheduled proceeding, and thus precludes any further inquiry into his capacity to understand previously admitted facts, should not be put in a better position than a respondent who appears, as required by law. Given the basic nature of the information in the Form I-213 and the age of the respondent, there is no adequate basis to bar reliance on the uncontested factual information reflected therein.

240.48(b) (1999).[4] Furthermore, there is neither an assertion nor a reason to believe  that the respondent's age impeded an accurate exchange of basic biographical information between the respondent and the border patrol agent.

Finally, we address the Immigration Judge's conclusion that the Form I-213 should be discounted because it lacks information regarding how it was completed. It would be preferable to have additional narrative information to complement the detailed notations in the nonnarrative component of the Form I-213. However, without any indication that the information is not reliable, the detailed information regarding the respondent's identity and alienage is adequate to establish his alienage, and thus to shift the burden to the respondent to show the time, place, and manner of his entry under section 291 of the Act, 8 U.S.C. § 1361 (1994). *See Matter of Castro*, 16 I&N Dec. 81 (BIA 1976). The respondent failed to provide this information and therefore must be found deportable as charged.

For the foregoing reasons, the following order will be entered.

**ORDER:**  The appeal of the Immigration and Naturalization Service is sustained.

**FURTHER ORDER:** The Immigration Judge's order of April 1, 1996, is vacated, and the record is remanded to the Immigration Court for further proceedings consistent with this opinion.

*DISSENTING OPINION:* Lory Diana Rosenberg, Board Member, in which Paul W. Schmidt, Chairman; Gustavo D. Villageliu and John Guendelsberger, Board Members joined

I respectfully dissent.

The principal issue before us is whether the Immigration and Naturalization Service has met its burden of proving that the respondent is deportable by evidence that is clear, unequivocal, and convincing. *See Woodby v. INS,* 385 U.S. 276 (1966); *see also* section 242B(c)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c)(1) (1994); 8 C.F.R. § 240.46(a) (1999) (stating that "a determination of deportability shall not be valid unless it is found . . . that the facts alleged as grounds for deportation are true").

The majority has concluded that Form I-213 (Record of  Deportable Alien), which was submitted by the Service, adequately meets the Service's burden and establishes deportability according to the governing standard. I disagree. As the respondent was under the age of 16 at the time of his arrest and his later deportation hearing before the Immigration Judge, we are

---

[4]The regulation at 8 C.F.R. § 242.16(b) was recodified at 8 C.F.R. § 240.48(b) subsequent to the Immigration Judge's decision in this case.

bound by the regulations and our precedent pertaining to unaccompanied minors in deportation proceedings. *See generally Matter of Amaya*, 21 I&N Dec. 593 (BIA 1996); 8 C.F.R. § 240.48(b) (1999).

We previously have taken into consideration the unique procedural problems posed when respondents are minors. *Matter of Amaya, supra*, at 586 (holding that an Immigration Judge "must exercise particular care in determining [a minor's] deportability" and that the Immigration Judge must make a "comprehensive and independent inquiry" into a minor's deportability). I see no reason why these considerations are not applicable in this case. In light of the limited evidence presented by the Service, and the questionable accuracy and reliability of that evidence, I concur with the Immigration Judge that deportability has not been established by clear, unequivocal, and convincing evidence. *See Matter of Amaya, supra*, at 588 n.4 (holding that, in light of ambiguities in the respondent's testimony, information contained in a Form I-213 was not in itself sufficient to establish the respondent's deportability).

## I. PROCEDURAL BACKGROUND AND EVIDENCE OF RECORD

The respondent did not appear at his scheduled deportation hearing before the Immigration Judge. Therefore he was not present to be examined by the Service or questioned by the Immigration Judge.

Instead, the evidence presented by the Service to meet its burden of proof in this case consists principally of the Form I-213, a one-page form. The top portion of this form contains handwritten notations apparently filled in by an immigration officer on January 14, 1995. The bottom portion of the document is essentially blank.

The document lacks any narrative statement on the blank bottom portion of the page provided for such purpose. The annotations on this form give us little idea of how the information on the form was obtained, including whether the information was provided in whole or in part by the respondent or some other individual, and if so, which portions were provided by the respondent. No part of the form is initialed or otherwise affirmed by the minor respondent. In addition, if the information was provided in whole or in part by the minor respondent, there is no evidence of his capacity for providing such information, or of the circumstances under which such information was provided.

The Form I-213 indicates that the respondent was arrested by an immigration officer at 0900 on November 14, 1995. It also indicates that the same officer received the subject and performed an interview with the respondent, which was conducted at 0900 on November 14, 1995.

An Order to Show Cause and Notice of Hearing (Form I-221), dated November 14, 1995, indicates that it was served on the respondent by a dif-

ferent officer at 2:00 P.M. The record contains a form entitled "Notification Requirement for Change of Address," indicating that the respondent was required to provide notice of any address change, which was served on the respondent by a different officer at 2:00 P.M. The record also contains a Form I-770 (Instruction to Officers), indicating that the respondent was advised of his rights regarding his option to make a telephone call as to whether he should depart voluntarily without need for a deportation hearing. The record also contains a form indicating the respondent was advised of the possible availability of low cost or free legal services. *See* 8 C.F.R. § 287.3 (1995). The Service must advise the respondent of the reasons for his arrest, of his right to counsel at no expense to the Government, and of the fact that any statement may be used against him in a subsequent proceeding, *id.,* but there is no requirement that the Service provide any evidence of such a warning having been given, and none was submitted here.

At the deportation hearing, conducted in absentia, the Service did not provide additional evidence or seek a continuance, but moved to go forward. The Service rested on the documents submitted and did not present any other documents, such as a question and answer statement or other statement signed by the respondent. The Service did not present any witnesses, such as the officer who wrote the information on the Form I-213, or any other employee, or other individual who was present when the respondent was arrested and the form was completed. The Service did not submit an affidavit from any such individual and did not offer any other evidence relating to who provided the information on the Form I-213, under what circumstances it was provided, or the respondent's capacity to provide such information.

## II. ADMISSIBILITY AND PROBATIVE VALUE OF A FORM I-213 REGARDING A MINOR

This case poses questions concerning the admissibility and probative value of a Form I-213, when the form purports to contain factual admissions made by a minor during the course of apprehension and a subsequent interview by the Service.

Immigration and Naturalization Service Form I-213 is admissible in deportation proceedings. *Matter of Barcenas*, 19 I&N Dec. 609, 611 (BIA 1988) (holding that "the tests for the admissibility of documentary evidence in deportation proceedings are that evidence must be probative and that its use must be fundamentally fair"); *see also Bustos-Torres v. INS*, 898 F.2d 1053, 1056 (5th Cir. 1990); *Trias-Hernandez v. INS*, 528 F.2d 366 (9th Cir. 1975); *Matter of Toro,* 17 I&N Dec. 340 (BIA 1980). We have held consistently that "[a]bsent any indication that a Form I-213 contains information that is incorrect or was obtained by coercion or duress, that document

is inherently trustworthy and admissible as evidence to prove alienage and deportability. *Matter of Mejia*, 16 I&N Dec. 6 (BIA 1976); *Matter of Davila,* 15 I&N Dec. 781 (BIA 1976), *remanded, Davila-Villacaba v. INS,* 594 F.2d 242 (9th Cir. 1979); *see also Tejeda-Mata v. INS*, 626 F.2d 721 (9th Cir. 1980), *cert. denied*, 456 U.S. 994 (1982)." *Matter of Barcenas, supra,* at 611.

In the case of a minor, these settled principles must be applied in the context of our recent decision in *Matter of Amaya*. In *Matter of Amaya, supra*, at 586, we recognized that "[i]n the case of an unaccompanied and unrepresented minor under the age of 16 years, however, 8 C.F.R. § 242.16(b) requires that an Immigration Judge may not accept such a minor's admission to a charge of deportability because the minor is presumed to be incapable of determining whether a charge applies to him." Mindful of this limitation, we held that "8 C.F.R. § 242.16(b) does not preclude an Immigration Judge from accepting such a minor's admissions to factual allegations. Minors under the age of 16, even when unaccompanied and unrepresented, are not presumed incapable of understanding the content of those allegations and of determining whether they are true." *Id.* We recognized, however, that

> [t]he minor's age and pro se and unaccompanied status must be taken into consideration. The Immigration Judge must consider the reliability of the testimony given by such a minor in response to the factual allegations made against him in determining, after a comprehensive and independent inquiry, whether there is clear, unequivocal, and convincing evidence of the minor's deportability as charged in the Order to Show Cause. If the Immigration Judge is assured that the respondent is both capable of understanding, and in fact understands, any facts that are admitted, and that those facts establish deportability, they may form the sole basis of a finding that the minor is deportable.

*Id.* at 587. As the Supreme Court noted in *Eddings v. Oklahoma*, 455 U.S. 104, 116 (1982), "Even the normal 16 year old customarily lacks the maturity of an adult." *See also Bellotti v. Baird*, 443 U.S. 622, 635 (1979) (stating that "minors often lack the experience, perspective, and judgment to recognize and avoid choices that could be detrimental to them"); *Perez-Funez v. District Director INS,* 619 F. Supp. 656, 661-62 (C.D. Cal. 1985).

Principles such as these, relating to the potential vulnerability and limited capacity of minor respondents, must be considered in the context of established law holding that the Form I-213 is an official document which is presumed to be reliable. The question of the exact degree of youth or other indicia of lessened capacity or maturity, necessary to overcome the majority's presumption that statements attributed to a minor that are recorded on such a form are accurate, is not amenable to a blanket rule. Instead, this is the type of question that should be determined by an Immigration Judge on a individual basis. *Matter of Amaya, supra*, at 586 (emphasizing

790

the need for a "comprehensive and independent inquiry").

This is not to say that, in the case of a minor's failure to appear for a hearing, the Immigration Judge could not conclude from the evidence before him that the minor was deportable as charged. Similarly, this is not to say that the Service can never meet its burden of proof in such a case. Under circumstances in which a minor has signed or affirmed particular facts or a narrative statement contained in a Form I-213, or has executed a separate question and answer statement, an Immigration Judge might conclude that the minor respondent is "capable of understanding, and in fact understands, any facts that are admitted, and that those facts establish deportability." *Matter of Amaya, supra*, at 587. Likewise, in a situation in which the Service has provided the testimony or affidavit of the arresting officer, the officer who prepared the Form I-213, or any other person able to attest to the atmosphere in which factual admissions may have been provided by the respondent, an Immigration Judge may reach a similar conclusion, consistent with the regulation and our decision in *Matter of Amaya*.

However, in the case before us, the Service did not introduce any evidence other than the Form I-213 and other documents, which appear to have been presented to the respondent after the Form I-213 was completed. In the instant case, the Immigration Judge decided that there simply was not enough information relating to the respondent, or the questioning of the respondent, to allow him to rule that the Form I-213 constituted admissible and probative evidence. He rightly concluded that there was not an adequate basis on which to find that the Form I-213 contained any factual admissions made by the minor respondent himself, or that the minor respondent was competent to make such factual admissions and that such purported admissions therefore supported the ultimate finding of deportability as charged.

For example, one cannot tell with certainty whether the questioning of the respondent was conducted in one language or two languages, whether the respondent was questioned fairly and directly, or whether some of the purported responses recorded on the Form I-213 were provided by individuals other than the respondent. One cannot even tell whether the respondent, assuming the respondent gave the answers indicated, understood the importance of accurate answers. These questions, and other possible questions, relate directly to the reliability of the respondent's answers, and it is this reliability that is central to the determination of the probative value of the evidence. *Woodby v. INS, supra;* 8 C.F.R. § 240.46(a).

Such deficiencies in the evidence of deportability before us are not inevitable, and my agreement with the Immigration Judge's conclusion that the Form I-213 is inadequate in this case does not impose an unreasonable burden on the Service. There is nothing inherent in the Form I-213 that necessarily precludes reliance on a properly and adequately completed Form I-213 to constitute factual admissions by a minor that might support a finding of deportability. The Immigration Judge was correct in finding that, at

the least, some additional proof beyond the limited and equivocal evidence provided would be necessary to meet the high standard embodied in the concept of clear, unequivocal, and convincing evidence.

## A. Apparent Violation of 8 C.F.R. § 287.3(a)

In the case before us, the Service officer who arrested the respondent was the same officer who signed the Form I-213, indicating that it was he who interviewed the respondent and filled out the form. *Cf.* 8 C.F.R. § 287.3(a). The regulation provides that the examination of an arrested alien shall be before an officer other than the one who apprehended and arrested the alien. *Id.* The regulation provides an exception to this rule when no other qualified officer is available and taking the alien before another officer would entail unnecessary delay. *Id.* As the respondent was arrested at 0900, and the Order to Show Cause was issued by another officer at 2 P.M. or 1400, it is evident that the arrest took place during regular business hours and that, at a minimum, another officer was available within, at most, 5 hours of the respondent's apprehension and arrest. The questioning of a minor respondent by the same Service officer who apprehended and arrested him further calls into question the reliability of the information on the Form I-213.

## B. Unreliability of Information on the Form I-213

Although the Form I-213 has been treated as presumptively admissible in cases involving adult respondents, the admissibility of the Form I-213 has been questioned in cases in which the reliability of the form is somehow undermined. *See Murphy v. INS*, 54 F.3d 605, 610-11 (9th Cir. 1995) (vacating the Board's determination based in part upon an inaccurate Form I-213 for which information was provided by a biased Service informant); *Cunanan v. INS*, 856 F.2d 1373, 1374-75 (9th Cir. 1988) (vacating the Board's determination premised upon an uncorroborated affidavit of an absent witness and a Form I-213 reporting the substance of an interview of the witness by a Service officer); *see also* Fed. R. Evid. 803(8) (public records admissible "unless the sources of information or other circumstances indicate lack of trustworthiness"). The minor respondent's absence does not preclude the Immigration Judge from finding deportability based on admissions that constitute evidence that is clear, unequivocal, and convincing, but such admissions must be determined to be admissible, i.e., of probative value. *Matter of Barcenas, supra*, at 611. In other words, such a finding must be made in conjunction with the Immigration Judge being satisfied that the factual admissions from a minor respondent on which such a conclusion of law is based are reliable.

Several admissibility issues are raised by the particular Form I-213 that

was introduced by the Service in this case. First, the information on the Form I-213 does not establish alienage by evidence that is clear, unequivocal, and convincing. *Woodby v. INS, supra*. The Form I-213 does contain the minor respondent's name, his place of birth, his most recent address, and the names of his parents. However, in the case of a minor, the purported statement of one's name, one's parents' names, and a foreign address is not, without more, a factual admission of alienage. *Cf. Matter of Amaya, supra*, at 586 ("In the case of other persons in deportation proceedings, an Immigration Judge . . . may proceed to a finding of deportability without engaging in a comprehensive, independent inquiry. Such a respondent is presumed to be capable of understanding whether the factual allegations made against him are accurate, and whether, to a reasonable extent, he is a person to whom the charges of deportability apply."). In the instant case, the Form I-213 does not contain adequate assurances that the respondent provided accurate information regarding his citizenship and nationality, and no other factual information sufficient to determine the respondent's nationality or citizenship has been presented.

Second, the Form I-213 does not contain any language that can be considered a factual admission of the underlying facts of an entry without inspection. The Service officer did notate the acronym "EWI" on the form. However, the notation of the letters "EWI" on the Form I-213 amounts to a legal conclusion, not a factual admission. By contrast, a narrative factual statement executed by a respondent concerning the manner of his entry, or an evasion of inspection at the border, might provide facts adequate to establish an unlawful entry. Our holding in *Matter of Amaya, supra*, clearly distinguished between factual admissions and legal conclusions made by minor respondents, and rejected such legal conclusions made by minors. *Id.* at 586; *see also* 8 C.F.R. § 240.48(b). In this case there is simply no way to ascertain what factual admissions led the Service officer to notate the legal conclusion of entry without inspection. *Id.*

As I have indicated throughout this dissent, the Service might have overcome the fact of the respondent's absence, which resulted in the hearing being conducted without the benefit of the respondent's testimony, in a variety of ways. The Form I-213 itself could have reflected the source of the information. A written declaration from the apprehending (or questioning) officer, an interpreter who was present when the interview was conducted, or the observations of any other person present at the time of the interview could have been offered. Or, the Service could have presented the live testimony of the officer who purportedly interviewed the respondent. In addition, the Service could have asked the Immigration Judge for a continuance to obtain such additional evidence once it learned the respondent was not present. As the Service followed none of these possible courses of action that would have allowed it to meet its burden in the absence of the respondent, I find no basis to conclude that the burden

of proof has been met and I would not disturb the Immigration Judge's ruling here.

### III. PROBATIVE VALUE OF THE CONTENTS OF FORM I-213

This is not a case in which "the respondent's admission that he was born in [a foreign country] is clear, unequivocal, and convincing evidence that shifts to him the burden of showing the time, place, and manner of his entry under section 291 of the Act, 8 U.S.C. § 1361 (1994). *Matter of Benitez,* 19 I&N Dec. 173 (BIA 1984)." *Matter of Amaya, supra*, at 588. To the extent any "admission" exists, it is embodied on the Form I-213, which must be found inadmissible in this case because it lacks probative value.

Such a conclusion is not in conflict with the Board's decisions in *Matter of Barcenas, supra*, and *Matter of Castro*, 16 I&N Dec. 81 (BIA 1976). In *Matter of Barcenas*, we adopted as generally acceptable the presumption of accuracy of the information on a Form I-213, when that document has been entered into evidence without objection from the respondent. There, not only was the respondent an adult, but the submission of the Form I-213 was buttressed by the in-person testimony of a Service officer. *See Matter of Barcenas, supra*. Here, the presumption of accuracy of the Form I-213 has been called into question by the Immigration Judge, who found he could not determine whether the respondent provided any of the information on the Form I-213, that he could not determine the capacity of the respondent to make any admissions that may have been memorialized on the Form I-213, and that he could not assess the circumstances under which the respondent made such admissions, if indeed he was the source of the information on the Form I-213.

In *Matter of Castro, supra*, we held that an alien's admission to alienage before an Immigration Judge, made in a hearing in which he was represented by counsel, *did* trigger section 291 of the Act, and shift the burden on the alien to establish show time, manner, and place of entry. But in contrast to the circumstances existing in *Castro*, here there was no counsel present when the purported admission was made, the purported admission was not made before an Immigration Judge, and the capacity of the respondent and the circumstances under which he made such an admission, if indeed, he did make it, are unknown. Each of these prior precedents involved an adult respondent, each involved a situation in which the respondent was represented by counsel, and one, *Matter of Barcenas, supra*, involved presentation of live witness testimony to corroborate the information contained on the Form I-213. Clearly, these cases involving adult respondents are distinguishable from a case involving a minor respondent, in which the Service is relying solely on a Form I-213 of uncertain origin.

While the respondent's failure to appear ordinarily has the statutory and regulatory consequence of making him immediately subject to an order of deportation,[1] it does not have the evidentiary consequence of excusing any evidentiary gaps in the case against him. Specifically, in *Matter of Amaya, supra*, at 586, we stated that even where an unaccompanied and unrepresented minor under the age of 16 years admits to the factual allegations made against him, an Immigration Judge must take into consideration the minor's age and pro se and unaccompanied status in determining, after a comprehensive and independent inquiry, whether the minor's testimony is reliable and whether he understands any facts that are admitted, such that his deportability is established by clear, unequivocal, and convincing evidence. Ultimately, in that case, we determined that even when the respondent was present and available to be questioned before the Immigration Judge, neither his testimony nor the information on the Form I-213 was sufficiently clear to satisfy the Service's burden of proof. *Id.* at 588. The same is true in the case before us.

On its face, 8 C.F.R. § 242.16(b) does not bar statements made during a custodial interrogation, such as an interview to prepare a Form I-213. However, the regulation recognizes that an unaccompanied minor under 16 may lack sufficient maturity to appreciate the significance of providing factual responses, and may lack the capacity to evaluate the foreseeable consequences of such responses. *See Davila-Bardales v. INS*, 27 F.3d 1, 3 (1st Cir. 1994).[2] If a concession of the legal conclusion of deportability made by an unrepresented minor before an Immigration Judge (with all the attendant procedural protections) lacks sufficient trustworthiness to be admissible, then conclusory statements regarding deportability made to an arresting officer during a custodial interrogation are at least of comparable untrustworthiness. Moreover, to allow the Service to meet its burden of proof by introducing a Form I-213 as a purported concession of deportability made by an unaccompanied minor under 16 during a custodial interrogation would circumvent the underlying intent of the above-cited regulation. Thus, the appearance of the acronym "EWI" on the Form I-213 in the case before us cannot be attributed to the respondent, nor relied upon as a basis to establish deportability.

Similarly, because there has been no reliable showing that the respon-

---

[1]*See generally* section 242B(c)(1) of the Immigration and Nationality Act, 8 U.S.C. § 1252b(c)(1) (Supp. II 1990); *Matter of Gonzalez-Lopez*, 20 I&N Dec. 644 (BIA 1993).

[2]As noted in *Davila-Bardales v. INS, supra,* at 4, "This does not mean that in a proper case a minor's own admissions are not binding upon him. If a minor is of sufficient age and discretion to make him a competent witness, then he is competent to tell the truth against himself in court, and also competent to tell the truth by making admissions against himself outside of court."

dent admitted to facts establishing alienage, there has been no shifting of the burden of proof to the alien (under section 291 of the Act) to show time, manner, and place of entry. *Cf. Matter of Castro, supra*. Had alienagae been established through the respondent's testimony before the Immigration Judge, or by factual admissions, which were memorialized on the Form I-213 under circumstances that satisfied the Immigration Judge that the respondent was competent to make such admissions, *see* 8 C.F.R. § 242.16(b) (1996), then the respondent would be required to show the time, manner, and place of entry. *See* section 291 of the Act. However, the predicate conditions for such a shifting of the burden have not been met.

In *Matter of Amaya, supra*, at 588, we held:

> We find that the respondent's 'admissions' regarding the circumstances of his entry into the United States do not establish by clear, unequivocal, and convincing evidence that the respondent entered the United States without inspection, as the Order to Show Cause charges. At the least, the respondent's testimony equivocates, and is unclear, on the issue of whether he was not inspected by an immigration officer, one of the factual allegations made in the Order to Show Cause.

It is important to note that despite finding that an Immigration Judge could rely on a minor respondent's admissions, we rejected such admissions as being unreliable in *Matter of Amaya, supra*. We concluded, therefore, that "[b]ecause the Immigration Judge's finding of deportability is not based on clear, unequivocal, and convincing evidence that the facts alleged as grounds for the respondent's deportation are true, that finding is not valid. 8 C.F.R. § 242.14(a). *Id.* at 588 (footnote omitted).

Here, the Form I-213 contains no narrative explanation whatsoever regarding the nature of the respondent's entry. As we stated in *Matter of Amaya, supra*, "[I]n light of the unresolved ambiguity reflected in the minor respondent's testimony, we find that the factual information contained in the Form I-213 is not in itself sufficient to establish the respondent's deportability by clear, unequivocal, and convincing evidence." *Id.* at 588 n.4. The record before us contains no testimony, no in-person examination by the Immigration Judge, and no specific information establishing that the information on the Form I-213 either constitutes the respondent's admissions, or was derived from the respondent's admissions. In short, no documentary evidence was presented by the Service that would tend to allow the type of scrutiny by the Immigration Judge contemplated in *Matter of Amaya, supra*. The evidence of record provides no assurances, comparable to those that an Immigration Judge would be able to obtain from questioning a minor respondent directly, that the information pertaining to the respondent's name, place of birth, and last residence is reliable. Finally, in addition to the rudimentary nature of the information compiled and notated, as noted above, the Form I-213 bears signs that the questioning of the minor respondent may have been improper and conducted in violation of the regulations.

*See* 8 C.F.R. § 287.3. For example, as discussed above, it appears that the same Service officer who apprehended the respondent also questioned the respondent and filled out the Form I-213, in violation of 8 C.F.R. § 287.3.

Little is gained by any suggestion that the fact that the respondent was not present at his hearing compromises his right to challenge the Form I-213. *Cf. Matter of Ponce-Hernandez*, 22 I&N Dec. 3397, at 3 (BIA 1999). Although the respondent was not present to challenge the Form I-213 on the basis of any defects it may contain, the Service bears an affirmative burden of meeting its burden of proof. 8 C.F.R. § 240.46(a). The presumption of reliability that might be accorded a Form I-213 in other cases does not apply to this Form I-213 when the interview it purports to record was based on statements made by a minor under circumstances such as those that exist here. In the case of a minor respondent, additional factors going beyond the reliability of the document must be apparent before an Immigration Judge can accept these as the factual admissions of a minor on which he can base a finding of deportability. *Matter of Amaya, supra*. These include the minor's age, education, intelligence and demeanor, and information concerning whether he was informed of his rights, had an opportunity to contact an adult or an attorney, and understood what he was being asked and the consequences of his replies, and whether the answers actually came from him.

Despite of the equivocal contents of the Form I-213, the questionable procedures under which it was completed, and the respondent's minority, the majority seeks to circumvent our interpretation of 8 C.F.R. § 240.48(b (formerly 8 C.F.R. § 242.16(b)) in *Matter of Amaya*, by imposing a conclusive presumption concerning the weight to be given to a Form I-213 in the case of a minor respondent, which would prevent an Immigration Judge from exercising the necessary function of determining the admissibility and probative value of fact-based evidence obtained in such cases. This unnecessarily diminishes an Immigration Judge's powers with regard to his or her fact-finding authority, and, at least in the context of cases involving minor respondents and in absentia determinations, eviscerates the clear, unequivocal, and convincing standard that was set forth in *Woodby v. INS, supra*. As such, I cannot agree that the evidence presented warrants reversal of the Immigration Judge's decision.

## IV. CONCLUSION

In sum, this is a not a case that turns on the general admissibility of a Form I-213. It addresses the admissibility and probative value of a Form I-213 when an incomplete and unverified version of that document is the sole evidence presented by the Service to establish deportability in a case involving a minor respondent. *Cf. Matter of Amaya, supra*. I conclude both that

the maturity level of a minor in deportation proceedings differs enough, and the documentation and other evidence provided in such deportation proceedings differ enough, to make any presumptions in this context inappropriate, just as it is inappropriate to presume that they are "incapable of understanding the content of those allegations and of determining whether they are true." *Id.* at 586.

I do not determine the weight to be given a Form I-213 in the case of a minor respondent who either appears at his subsequent hearing, or who fails to appear. In the alternative, I conclude, as we did in *Matter of Amaya*, that an Immigration Judge is capable of determining the weight to be given to the specific evidence before him or her, in the context of an independent examination and inquiry of the statements made by the minor respondent, and that the Immigration Judge's reasoned decision in the instant case should be upheld. Therefore, I respectfully dissent and would dismiss this appeal.