

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

5-3-2005

# Murdock v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2338

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Murdock v. Atty Gen USA" (2005). *2005 Decisions.* Paper 1256.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/1256

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-2338

CARLTON MURDOCK,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent

On Petition for Review of an Order of the
Immigration and Naturalization Service
Board of Immigration Appeals
(BIA No. A73-465-889)

Submitted Under Third Circuit LAR 34.1(a)
March 10, 2005

Before:  NYGAARD, McKEE and RENDELL, Circuit Judges.

(Filed May 3, 2005)

OPINION OF THE COURT

RENDELL, Circuit Judge.

Carlton Murdock appeals a final order of deportation issued by the Board of

Immigration Appeals on April 13, 2004.  The Board had affirmed the Immigration

Judge's finding that Murdock was an alien who remained in the United States longer than his visitor visa permitted in violation of the former Immigration and Nationality Act, 8 U.S.C. § 1251(a)(1)(B). Murdock maintains that the Immigration Judge erred in: (1) admitting evidence in the form of memoranda from immigration officials and a purported sworn statement by Murdock without testimony as to the documents' authenticity; (2) admitting a Form I-213 Record of Deportable Alien into evidence that Murdock contends contradicted other evidence and was therefore unreliable; (3) concluding that the government satisfied its burden of proving Murdock's alienage by clear, unequivocal, and convincing evidence; and (4) finding that Murdock improperly invoked his Fifth Amendment privilege against self-incrimination. Our jurisdiction arises under 8 U.S.C. § 1252(a). We will deny the petition for review.

As we write solely for the parties, our recitation of the facts will be limited to those necessary to our determination. Murdock was apprehended at the border between the United States and Canada after having been denied entry into Canada. The Immigration and Naturalization Service initiated proceedings against him on May 27, 1995, charging him with overstaying his visitor visa. On November 13, 1995, an Immigration Judge ordered that he be deported to Jamaica. Murdock appealed the decision, and on April 3, 2002, the Board of Immigration Appeals remanded the case to the Immigration Judge for a new hearing because the record from the 1995 proceeding had been lost.

At Murdock's second hearing, the Immigration Judge admitted, over Murdock's

2

objections, evidence offered by the government in the form of three memoranda signed by government officials. The memoranda included Murdock's initial statement to officials that he was a United States citizen and his later admissions, including a sworn statement by Murdock, that he was actually a Jamaican citizen who had fraudulently obtained a United States passport. In addition, Murdock objected to the admission into evidence of a Form I-213 Record of Deportable Alien that also indicated that he was a native and citizen of Jamaica. When asked his name, Murdock refused to answer, and his attorney indicated that Murdock was asserting his Fifth Amendment privilege against self-incrimination. Eventually, Murdock admitted his identity, but refused to answer further questions, again asserting his Fifth Amendment privilege. Finding that Murdock had failed to present any evidence or testimony to refute the allegations against him, the Immigration Judge ruled that there was clear, convincing, and unequivocal evidence that Murdock was a deportable alien who had overstayed his visitor visa. On April 13, 2004, the Board of Immigration Appeals affirmed the ruling of the Immigration Judge.

On appeal, Murdock contends that the Immigration Judge erred in allowing the admission of the memoranda because they were not properly authenticated and the Form I-213 because it was not trustworthy and in concluding that this evidence proved Murdock's alienage by clear, unequivocal, and convincing evidence. In addition, Murdock argues that the Immigration Judge erred in finding that he improperly invoked his Fifth Amendment privilege.

3

An Immigration Judge may consider evidence in the form of "any oral or written statement that is material and relevant to any issue in the case." See 8 C.F.R. § 1240.46(b). We have said that the test for admissibility of evidence in immigration proceedings is "'whether its use is fundamentally fair so as not to deprive the alien of due process of law.'" Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003) (quoting Bustos-Torres v. INS, 898 F.2d 1053, 1055 (5th Cir. 1990)). To prove Murdock's alienage, the government offered documents that the INS District Director had certified as an original or copy from its official records, one of which was a sworn statement signed by Murdock and a Senior Immigration Inspector in which Murdock admitted to being a Jamaican citizen, having no claim to United States citizenship, and fraudulently obtaining a United States passport. Additionally, the government produced a Form I-213 Record of Deportable Alien, a document that the Board of Immigration Appeals has said is inherently trustworthy. See In re Ponce-Hernandez, 22 I. & N. Dec. 784, 785 (BIA 1999). Consistent with the other evidence offered by the government, the Form I-213 established Murdock's alienage as a Jamaican citizen. Through this showing, the government met its burden of proving Murdock's alienage by clear and convincing evidence and shifted the burden of proving the time, place, and manner of entry into the United States to Murdock. See 8 U.S.C. § 1361.

However, when the Immigration Judge asked whether the sworn statement was accurate and properly attributable to him, Murdock asserted his Fifth Amendment

4

privilege and declined the opportunity refute the government's evidence or elaborate on the inconsistencies between the Form I-213 and his sworn statement that Murdock now contends. Furthermore, Murdock's refusal to testify entitled the Immigration Judge to draw a negative inference that any answer he may have given would have been adverse to his interests and to conclude that the statement was reliable and trustworthy. United States ex rel. Bilokumsky v. Tod, 263 U.S. 149, 154 (1923).

We find that the Immigration Judge's admission of the evidence was not so fundamentally unfair as to deny Murdock his right to due process and that Murdock's alienage was established by clear, unequivocal, and convincing evidence.[1] Accordingly, we will DENY the petition for review.

---

[1]Murdock additionally contends that the Immigration Judge erred in finding that he improperly asserted his Fifth Amendment privilege. Because the Immigration Judge allowed Murdock to assert his privilege and refuse to testify, we are unable to discern what harm Murdock suffered.