

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-21-2008

# Park v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-4146

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Park v. Atty Gen USA" (2008). *2008 Decisions.* Paper 200.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/200

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-4146
_____

SANG KYU PARK,
                                        Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES

_____

On Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A37-883-086
(U.S. Immigration Judge:  Honorable Andrew Arthur)

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 15, 2008
Before:  SCIRICA, Chief Judge, CHAGARES and ALDISERT, Circuit Judges

(Filed: November 21, 2008 )
_____

OPINION OF THE COURT
_____

PER CURIAM.

    Sang Kyu Park petitions for review of a final order of removal of the Board of

Immigration Appeals ("BIA").  For the reasons that follow, we will deny the petition for

review.

The Immigration and Naturalization Service issued a notice to appear alleging that Park is a native and citizen of Korea who was admitted to the United States in May 1983 as a lawful permanent resident. The notice to appear charged that Park was subject to removal from the United States because he had committed an aggravated felony, as defined in 8 U.S.C. § 1101(a)(43)(G). The charge was based on a 2001 conviction in the United States District Court for the Southern District of New York for armed robbery for which Park received a 121-month prison sentence.

At his initial hearing in January 2007, Park, through counsel, denied the allegations in the notice to appear and the charge of removability. Park testified that he had been naturalized in 1997 or 1998. The Government, however, produced a June 16, 1999, decision reflecting that Park had applied for naturalization, but his application was denied. The Immigration Judge ("IJ") continued the matter so that the Government could file its documents regarding Park's alienage, and Park's counsel could review the documents and assess Park's case. Park, who was incarcerated in federal prison, appeared at this hearing and his later hearings via video conference.

At the next hearing in March 2007, Park's attorney objected to the documents filed by the Government on various grounds, including a lack of fingerprint evidence linking Park to the forms, and a lack of a judgment of conviction that had been certified by the issuing authority. Park moved to terminate the removal proceedings. The IJ continued the matter so that the Government could respond to the motion to terminate and provide

the court a certified copy of the conviction record. Before adjourning, in order to limit the issues before the court, the IJ asked the Government for the original face sheet from Park's immigrant visa. The IJ noted that the face sheet reflected that Sang Kyu Park arrived on May 22, 1983, that Park's nationality is Korean, that his country of last residence was Korea, and that the original face sheet matched the copy of the face sheet that the Government had filed to establish alienage.

Park had another hearing in May 2007. Based on the original face sheet, Park's earlier testimony that he is Sang Park, and the denial of his naturalization application, the IJ concluded that the Government had established the allegations in the notice to appear regarding alienage. The IJ also stated that it appeared that the Government had established Park's conviction based on a copy of a judgment of conviction, which an immigration officer had attested was an authentic copy of the certified judgment of conviction contained in the records of the Federal Bureau of Prisons. The IJ noted that the notice to appear appeared to erroneously charge Park with violations of 18 U.S.C. § 1951 and § 1952. The conviction document reflected that Park was convicted of violating 18 U.S.C. § 1951 and § 2. The IJ continued the matter to allow the Government to correct the notice to appear, and, based on Park's objection to the certification of the conviction document, to obtain another certified copy of the judgment of conviction.

The following month, the parties appeared before the IJ, and Park's attorney maintained his objection to the conviction document. The IJ ruled that the document

submitted by the Government complied with the regulations and established Park's conviction. The IJ also ruled that the Government had proven the other factual allegations in the notice to appear, and that Park was removable as charged. The IJ noted in his oral decision that Park did not offer any testimony to rebut the allegations in the notice to appear, and that counsel had stated that his client is Sang Kyu Park. Park did not seek any form of relief from removal. The IJ later issued a written decision, which further explained his conclusion that Park was removable because he had committed an aggravated felony.

The BIA adopted and affirmed the IJ's decision. This petition for review followed. We must first address our jurisdiction over the petition for review.[1] The Government argues that the Real ID Act limits our jurisdiction over aggravated felons' petitions for review to constitutional and legal questions, and that Park raises no such questions. See 8 U.S.C. § 1252(a)(2)(C). As shown below, Park has raised such questions in his brief. Moreover, we have always had jurisdiction to determine the predicate facts required for the application of § 1252(a)(2)(C) – that Park is an alien and that he is removable because he was convicted of an aggravated felony. Papageorgiou v. Gonzales, 413 F.3d 356, 357 (3d Cir. 2005). Park challenges both of these findings. Thus, the Government's motion to dismiss is denied.

_____

[1]Although the Government does not challenge our jurisdiction in its brief, the Government initially filed a motion to dismiss the petition for review on this basis, which was referred to us for disposition.

4

Park argues that the BIA erred in affirming the IJ's finding of alienage. Park contends that the IJ erred in admitting the evidence submitted by the Government, and that his due process rights were violated because his silence was converted to an admission of alienage. We have stated that the test for the admissibility of evidence in deportation proceedings is whether the evidence is probative and whether its use is fundamentally fair so as not to deprive the alien of due process of law. Ezeagwuna v. Ashcroft, 325 F.3d 396, 405 (3d Cir. 2003). To prove alienage, the Government offered the Record of Deportable Alien (Form I-213), the immigrant visa (Form 155) (also referred to as the face sheet), the application for naturalization, and the denial of that application. These documents reflect that Sang Kyu Park is a native of South Korea who was admitted to the United States in 1983. Park identified himself at the hearing as Sang Park, and his lawyer stated that he is referred to as Sang Kyu Park. Park also testified that he was naturalized, implying that he was not born here.

Although Park challenges the admission of Form I-213 because the Government did not call officials to testify regarding the information contained therein, the BIA has stated that Form I-213 is inherently trustworthy and admissible as evidence to prove alienage, absent any evidence that it contains information that is incorrect or was obtained by duress. In re Ponce-Hernandez, 22 I & N Dec. 784, 785 (BIA 1999). Park has identified no such evidence here. Park also challenges the admission of the 1999 decision denying naturalization because he testified that he was naturalized. Park's argument,

5

however, goes to the weight the decision should be afforded, not its admissibility. Similarly, we find no merit to Park's objections to the admission of the immigrant visa based upon a lack of evidence showing that the fingerprint on the document was his, and to the admission of the naturalization application based upon a lack of evidence proving that the signature on the form was his. Finally, we agree with the BIA that the Government did not impermissibly rely on Park's silence or refusal to testify to establish alienage. As described above, the Government submitted ample documentary evidence establishing Park's alienage.

Park also argues that the IJ improperly admitted the conviction records used to establish his removability because they were not certified in compliance with statutory and regulatory requirements. The Government submitted a copy of the Judgment of Conviction in Park's criminal case with a certification by an immigration officer that the document is a "true and correct copy of the certified Judgement & Conviction document contained in the official United States Federal Bureau of Prisons file. . .." Joint App. at 247. We need not address whether the certification complied with statutory and regulatory requirements cited by Park, because, even if it did not, the BIA did not err in finding the Judgment admissible under 8 C.F.R. § 1003.41(d). This provision states that "[a]ny other evidence that reasonably indicates the existence of a criminal conviction may be admissible as evidence thereof." See also Francis v. Gonzales, 442 F.3d 131, 142 (2d Cir. 2006) (holding that BIA did not err in finding police report admissible under §

6

1003.41(d) as proof of conviction, where report did not fall within any of the statutory categories of documents constituting proof of a conviction). Based on this evidence, we agree with the BIA that the Government established Park's conviction. As the BIA also noted, Park did not challenge the substance of the record of conviction.[2]

Park also argues that he was denied due process because the IJ granted several continuances in order to give the Government additional opportunities to prepare the documents it needed to prove its case. We agree with the BIA that the record does not reflect a due process violation or that the hearings were conducted in a fundamentally unfair manner. As noted by the IJ, this was not a case where Park was detained by immigration authorities, and thus any delay to obtain the necessary records did not prejudice him. The IJ also noted at the March 2007 hearing that many of Park's objections could have been disposed of earlier had he submitted his motion to terminate before the hearing.

Park also disputes that his conviction constitutes an aggravated felony. Without explicitly stating, the IJ applied the categorical approach of Taylor v. United States, 495 U.S. 575 (1990), and compared the statute of conviction with the aggravated felony offense. The IJ explained that Park was convicted of armed robbery, and that, under the

---

[2]Based on our conclusion that the conviction document was admissible under § 1003.41(d), we need not address Park's challenge to the legality of § 1003.41(b). Park further argues that any weight that the IJ gave to the pre-sentence report to prove his conviction was improper. The IJ, however, relied on the copy of the Judgment, not the pre-sentence report, as proof of the conviction. Joint App. at 91.

statute of conviction, "robbery" is defined as the "unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury . . .." 18 U.S.C. § 1951(b)(1). The IJ further stated that, under the Immigration and Nationality Act, an aggravated felony includes a "theft offense (including receipt of stolen property) or burglary offense for which the term of imprisonment is at least one year." 8 U.S.C. § 1101(a)(43)(G). The IJ explained that a theft offense does not require a specific intent to permanently deprive an owner of his property, but a criminal intent to deprive the owner of the rights and benefits of ownership, even if less than total or permanent. The IJ noted that, in United States v. Nedley, 255 F.2d 350, 357 (3d Cir. 1958), we held that § 1951 requires a specific intent to steal personal property taken from the person of another by violence or putting in fear, and with the intention to permanently keep the property. Presumably because the definition of "theft offense" encompasses a "robbery" under § 1951, as construed in Nedley, the IJ found that Park committed an aggravated felony.

Park appears to contend that a conviction under § 1951 does not necessarily entail a theft offense. Under § 1951(a),

> Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires to do so, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

8

Park asserts that a conviction under § 1951 may result from "merely obstructing, interfering, or delaying the movement of property, even if done so through an act of violence, or threatening violence." App. Br. at 60. To the extent that the disjunctive phrasing of § 1951(a) invites inquiry into the specifics of the conviction, the IJ did not err in looking at the Judgment, which reflects Park's guilty plea to armed robbery. See Singh v. Ashcroft, 383 F.3d 144, 163 (3d Cir. 2004). Park does not dispute that a robbery conviction under § 1951 constitutes a theft offense.

Finally, Park argues that the notice to appear was improvidently issued because it referred to 18 U.S.C. § 1952, and the judgment of conviction does not reflect a violation of this section. Park asserts that the Government failed to correct the pleadings, and thus the proceedings should be dismissed. To the extent Park raises a legal question as to the validity of the notice to appear, we agree with the BIA that the reference to § 1952 was a scrivener's error, and that Park was not prejudiced. Park was on notice that he was charged with removability as an aggravated felon for armed robbery in violation of § 1951, and the IJ did not find him removable based on a conviction under § 1952.

Accordingly, we will deny the petition for review.