**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 14-2828

EFRAIN MORALEZ-PALILLERO,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA,

Respondent

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A087-779-440)
Immigration Judge: Annie S. Garcy

Submitted under Third Circuit LAR 34.1(a)
on March 3, 2015

Before: AMBRO, SCIRICA and ROTH, Circuit Judges

(Opinion filed:  January 14, 2016)

OPINION*

ROTH, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Efrain Moralez-Palillero petitions for review of the Board of Immigration Appeals' affirmance of the Immigration Judge's orders denying Moralez-Palillero's motion to suppress alienage evidence and removing him to Mexico. Moralez-Palillero claims that the IJ and the BIA erred in relying on Form I-213 (Record of Deportable/Inadmissible Alien) and Form I-215C (Record of Sworn Statement in Affidavit Form) to establish alienage because the evidence contained in these forms was obtained in violation of his Fourth and Fifth Amendment rights. He contends that the IJ should have held a hearing before denying the motion to suppress. Moralez-Palillero also contends that the IJ's finding of alienage was based on conjecture and speculation. We will deny the petition for review.

Moralez-Palillero is a citizen of Mexico. He entered the United States in 2007 without inspection. On January 23, 2010, Moralez-Palillero was arrested for a traffic violation in Camden, New Jersey. On January 26, he was interviewed by Immigration Customs and Enforcement Officer Ralph Reichard. During the interview, recorded on Form I-215C, Moralez-Palillero acknowledged that he was a Mexican citizen and that he did not have permission to reside in the United States. Form I-215C, which was translated into Spanish, advised Moralez-Palillero that he had the right to be represented by an attorney and any statements he made could be used against him in a subsequent administrative proceeding. Although each page of the form had Moralez-Palillero's initials, it did not contain his signature.

On January 28, Officer Reichard drafted Form I-213, in which he noted that Moralez-Palillero's alienage and removability were established by "interview and review

2

of DHS databases." On February 4, 2010, the Department of Homeland Security issued a Notice to Appear, charging Moralez-Palillero with removability under 8 U.S.C. § 1182(a)(6)(A)(i) as an alien present in the United States without being admitted. During removal proceedings, DHS submitted Forms I-215C and 213 to establish Moralez-Palillero's alienage.

Before an IJ, Moralez-Palillero sought to suppress Forms I-215C and 213. He argued that Officer Reichard, who spoke little to no Spanish, never advised him that he had the right to counsel and that the statements he made would be used against him. Moralez-Palillero also denied that he was given an opportunity to read Form I-215C. He refused to admit or deny that he initialed each page of the form. The IJ rejected Moralez-Palillero's arguments, denied the motion to suppress, and ordered him removed. Moralez-Palillero appealed to the BIA. He reiterated the arguments that he raised before the IJ and also contended that the IJ had violated his due process rights by failing to hold a hearing to evaluate his motion to suppress. The BIA dismissed Moralez-Palillero's appeal, and Moralez-Palillero filed a timely petition for review.

We have jurisdiction to review a final order of removal under 8 U.S.C. § 1252(a)(1). Where, as here, the BIA agrees with the decision and analysis of the IJ while adding its own reasoning, we review both decisions.[1] We review the agency's factual findings for substantial evidence and treat them as "conclusive unless any

---

[1] *See Sandie v. Att'y Gen.*, 562 F.3d 246, 250 (3d Cir. 2009).

reasonable adjudicator would be compelled to conclude to the contrary."[2] We review

legal conclusions *de novo*.[3]

Absent "egregious violations of the Fourth Amendment or other liberties that

might transgress notions of fundamental fairness and undermine the probative value of

the evidence obtained," the exclusionary rule does not apply in civil deportation

hearings.[4] Moralez-Palillero, as the party challenging the legality of the evidence, bears

the burden of making a prima facie case of illegality.[5] He has, however, provided no

evidence suggesting "either (a) that a constitutional violation that was fundamentally

unfair had occurred, or (b) that the violation—regardless of its unfairness—undermined

the reliability of the evidence in dispute."[6] The conditions under which Moralez-Palillero

was interviewed, as outlined in his own affidavit, do not raise concerns of fundamental

fairness or create a risk that the value of the evidence he provided would be diminished.

Accordingly, the exclusionary rule does not apply to this case.

Although Moralez-Palillero contends that there was no basis upon which DHS

could have arrested him, he does not dispute the legality of the traffic stop, which was

conducted by Camden police, not by DHS.[7] Nor does Moralez-Palillero dispute the

accuracy or reliability of the information on Forms I-215C and 213. Indeed, on appeal to

the BIA, he conceded that he was a "native and citizen of Mexico" and that he "entered

---

[2] *Id.* at 251 (quoting 8 U.S.C. § 1252(b)(4)(B)).
[3] *Id.*
[4] *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1050-51 (1984); *see Oliva-Ramos v. Att'y Gen.*, 694 F.3d 259, 272 (3d Cir. 2012).
[5] *See Oliva-Ramos*, 694 F.3d at 273.
[6] *Id.* at 278.
[7] *See* A.95, 105-06.

the United States without inspection sometime in August 2007 at the port of entry in Nogales, Arizona." Absent any indication that Form I-213 contained incorrect information or was obtained by coercion or duress, it is "inherently trustworthy" and admissible to prove alienage.[8] Moralez-Palillero has identified no such evidence here. The BIA did not, therefore, err in rejecting this argument.

Nor did the BIA err in affirming the IJ's decision denying Moralez-Pallilero's motion to suppress. The evidence of "egregious violations" was insufficient to warrant a hearing.[9]

We are not persuaded by Moralez-Palillero's remaining arguments. Accordingly, we will deny the petition for review.

---

[8] *See In re Ponce-Hernandez*, 22 I. & N. Dec. 784, 785 (BIA 1999); *see also Pouhova v. Holder*, 726 F.3d 1007, 1013 (7th Cir. 2013).

[9] *See Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (BIA 1988); *see also Lopez–Gabriel v. Holder*, 653 F.3d 683, 686 (8th Cir. 2011) (holding that no hearing was necessary because the record contained no support for the allegations that any violations were egregious).