**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 23 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| HECTOR VILLA GARCIA, | No. 20-72847 |
| Petitioner, | Agency No. A088-452-263 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 14, 2023[**]
Pasadena, California

Before: O'SCANNLAIN, HURWITZ, and BADE, Circuit Judges.

Petitioner Hector Villa Garcia, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal seeking an adjustment of his immigration status under 8 U.S.C. § 1255. Because we lack jurisdiction, we dismiss the petition.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Under 8 U.S.C. § 1252(a)(2)(B)(i), "no court shall have jurisdiction to review . . . any judgment regarding the granting of relief" under § 1255. The only exception is for "constitutional claims or questions of law." *Id.* § 1252(a)(2)(D). Although courts "retain jurisdiction to review due process challenges, a petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb." *Torres-Aguilar v. INS*, 246 F.3d 1267, 1271 (9th Cir. 2001). The constitutional argument must at least be "colorable." *Id.* Reversal of an immigration court's decision on due-process grounds requires a showing that the "proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case" and that this prevention resulted in prejudice, "which means that the outcome of the proceeding may have been affected." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000).

1.     Petitioner first contends that the immigration judge ("IJ") violated his due process rights by using his juvenile record as a basis for denying the application for status adjustment. This contention is belied by the record—although the IJ enumerated certain charges that Petitioner faced while a juvenile and referred to his "significant juvenile record," the discussion around Petitioner's negative factors centered on his adult criminal record as well as his testimony at the merits hearing,—and Petitioner does not provide any authority suggesting the IJ erred in considering this record in exercising its discretion on Petitioner's application for

adjustment. Petitioner therefore fails to present a colorable argument that the IJ's references to his juvenile convictions prevented him from reasonably presenting his case for status adjustment or how those references may have otherwise affected his particular proceedings.

2.    Petitioner next argues that the IJ mischaracterized his testimony during the merits hearing by ignoring that Petitioner admitted to pleading guilty for his various crimes and by wrongfully imputing a conviction of grand theft to Petitioner. Contrary to Petitioner's arguments, admitting a guilty plea is not necessarily "tantamount to accepting responsibility," and the record reflects that Petitioner consistently deflected or denied outright responsibility for many of his arrests and convictions. Nor did the IJ impute any crime to Petitioner: the IJ merely noted that Petitioner had been "repeatedly *arrested* for crimes involving stolen vehicles and possession of burglary tools," a finding that is amply supported by the record.

3.    Petitioner also contends that the IJ uncritically relied on the police reports in finding Petitioner not credible. But Petitioner's only complaint about the police reports is that they were based on hearsay, and an IJ may consider hearsay if it is probative and its use is fundamentally fair. *See In re Ponce-Hernandez*, 22 I. & N. Dec. 784, 785 (BIA 1999).

4.    Finally, Petitioner alleges that his hearing was fundamentally unfair because

3

the IJ cross-examined Petitioner in "the role of a prosecutor." However, an IJ may "aggressively and sometimes harshly" question an alien, *see Melkonian v. Ashcroft*, 320 F.3d 1061, 1072 (9th Cir. 2003), and Petitioner does not identify any instance of overly harsh questioning from the IJ or anything to intimate that the IJ was not impartial.

Because Petitioner has failed to raise a colorable due process claim, we lack jurisdiction to review the denial of his application for adjustment of status.

**DISMISSED.**