OPINION
PER CURIAM.
Pedro Arturo Crisostomo-Roclriguez petitions for review of a decision rendered by the Board of Immigration Appeals (“BIA”) on February 26, 2008. For the reasons that follow, we will dismiss in part and deny in part the petition for review.
I. Background,
Because we write solely for the benefit of the parties, we will set forth only those facts necessary to our analysis. Crisosto-mo is a native and citizen of the Dominican Republic who has been living in the United States as a lawful permanent resident. In November 2005, Crisostomo pleaded guilty in the Court of Common Pleas of York County, Pennsylvania, to four counts of delivery of cocaine and one count of conspiracy to deliver cocaine. He was sentenced to a term of five to ten years of imprisonment and is currently incarcerated.
Crisostomo was served with a notice to appear in October 2006. After a hearing, the Immigration Judge (“IJ”) concluded that Crisostomo is removable for having-been convicted of an aggravated felony, see INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii) ][1], and for having been convicted of a controlled substance violation, see INA § 237(a)(2)(B)(i) [8 U.S.C. § 1227(a)(2)(B)(i) ].
Cirsostomo appealed. On February 26, 2008, the BIA issued a decision adopting and affirming the IJ’s decision and dismissing the appeal. This timely counseled petition for review followed.
II. Analysis
On appeal, Crisostomo does not dispute that he is removable for violating a law related to a controlled substance. See INA § 237(a)(2)(B)© [8 U.S.C. § 1227(a)(2)(B)© ]. He disputes only the conclusion that his conviction qualifies as an aggravated felony under INA § 237(a)(2)(A)(iii) [8 U.S.C. § 1227(a)(2)(A)(iii) ] and that, as a result, he is ineligible to seek cancellation of removal under INA § 240A(a)(3) [8 U.S.C. *674 § 1229b(a)(3) ] (“The Attorney General may cancel removal ... if the alien ... has not been convicted of any aggravated felony.”).
We have jurisdiction to review a final order of removal pursuant to INA § 242(a)(1) [8 U.S.C. § 1252(a)(1) ]. Because the BIA adopted the IJ’s findings and discussed the IJ’s decision, we review both the decisions of the IJ and the BIA. See Chen v. Ashcroft, 376 F.3d 215, 222 (3d Cir.2004). We consider de novo the legal question of whether Crisostomo’s conviction qualifies as an aggravated felony. See Evanson v. Att’y Gen., 550 F.3d 284, 288 (3d Cir.2008). We provide “appropriate deference to the agency’s interpretation of the underlying statute in accordance with administrative law principles.” Mahmood v. Gonzales, 427 F.3d 248, 250 (3d Cir.2005).
A.
In the proceedings before the IJ, the Government submitted two items to establish Crisostomo’s state court drug conviction: (1) the Form 1-213 “Record of De-portable/Inadmissible Alien,” A.R. 60-62; and (2) the guilty plea colloquy from the state court proceedings, A.R. 63-65. The BIA upheld the IJ’s findings that the Form 1-213 identified that Crisostomo violated 35 P.S. § 780-113(a)(30) (prohibiting “the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act ....”) and that the guilty plea colloquy was consistent with a conviction under that statute.
Crisostomo argues that the only evidence that actually sets forth the statute of conviction is the Form 1-213, which, according to Crisostomo, “has only limited reliability as to the actual statutory basis for an alien’s conviction....” See Petitioner’s Br. at 9. Crisostomo acknowledges that, absent evidence that the document is erroneous or was obtained by duress, the BIA considers a Form 1-213 to be “inherently trustworthy” and admissible to prove deportability. See Matter of Ponce-Hernandez, 22 I. & N. Dec. 784, 785 (BIA 1999); Matter of Barcenas, 19 I. & N. Dec. 609 (BIA 1988). Crisostomo does not argue that the Form 1-213 was erroneous or obtained by duress. Instead, he offers the apparently novel legal argument that the Form 1-213 is inadequate if unaccompanied by the underlying court record specifying the statute of conviction.
The Government responds that we may not consider this argument because Crisos-tomo raised it for the first time before this Court. After a close review of the record, we must agree. As a general rule, we lack jurisdiction to review claims that were not administratively exhausted. See INA § 242(d)(1) [8 U.S.C. § 1252(d)(1) ]. Cri-sostomo never argued to the IJ or BIA that it was legal error to consider the Form 1-213 in conjunction with the plea colloquy, or that the Form 1-213 was not admissible to establish the statute of conviction. Accordingly, we must dismiss this claim because Crisostomo failed to exhaust his administrative remedies. See Abdul-rahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir.2003).
B.
We may, however, review Crisostomo’s claim to the extent he argues, as he did before the BIA, that the guilty plea colloquy was not sufficient evidence to sustain a finding that he was convicted under 35 P.S. § 780-113(a)(30) (prohibiting “the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act....”). The government bore the burden of proving Crisostomo’s conviction by clear and convincing evidence, and the removal decision *675 must rest upon “reasonable, substantial, and probative evidence.” See INA § 240(c)(3)(A) [8 U.S.C. § 1229a(e)(3)(A) ].[2]
As previously discussed, the Government submitted the Form 1-213, which set forth that Crisostomo was convicted under 35 P.S. § 780-113(a)(30). The Government also submitted Crisostomo’s guilty plea colloquy before the Court of Common Pleas of York County. In the colloquy, Crisostomo acknowledged that, on four occasions, he “committed the offense of delivery of controlled substance ... [he] had cocaine in [his] possession and [he] delivered it to another person.” A.R. 63.
The IJ concluded that Crisostomo’s plea colloquy was consistent with a conviction under 35 P.S. § 780-113(a)(30). The BIA adopted the IJ’s conclusion. We agree with this determination. In the colloquy, Crisostomo admitted that he possessed cocaine and delivered it to another person. These admissions establish the necessary legal elements for a conviction under Pennsylvania’s statute prohibiting delivery or possession with intent to deliver a controlled substance. See 35 P.S. § 780-113(a)(30).
C.
The drug offense to which Crisostomo pleaded guilty is a felony under Pennsylvania law. See 35 P.S. §§ 780-113(a)(30), (f). To determine whether this state felony drug offense constitutes an “aggravated felony” for purposes of the INA, the IJ employed the “hypothetical federal felony” approach. See Garcia v. Att’y Gen., 462 F.3d 287, 291 (3d Cir.2006). Under the hypothetical federal felony approach, the offense of conviction is compared to the federal Controlled Substances Act to determine if it is analogous to an offense under that Act.[3] See Gerbier v. Holmes, 280 F.3d 297, 305, 315 (3d Cir.2002).
Crisostomo argues that the IJ “erred in determining that the Petitioner’s offense constituted a hypothetical federal felony because it does not appear that the [Petitioner’s] state offense is analogous to any federal felony for which he could be prosecuted.”[4] Petitioner’s Br. at 26. Crisostomo’s claim has two parts: first, he argues that because the colloquy does not specify the amounts of cocaine involved in his crimes, it cannot be properly estab *676 lished that he committed any crime that is analogous to a federally punishable crime; second, he argues that the IJ erred by failing to specify the federal statute under which his state crime could hypothetically be punished.
Again, the Government responds that Crisostomo did not raise these arguments below. We once again agree. Crisosto-mo’s claims are unexhausted and, accordingly, we will not consider them. See Ab-dulrahman, 330 F.3d at 594-95.
III. Conclusion
For the foregoing reasons, we will dismiss in part and deny in part the petition for review.

. Under INA § 101 (a)(43)(B) [8 U.S.C. § 1101(a)(43)(B) J, the term "aggravated felony” means, inter alia, "illicit trafficking in a controlled substance.”

. Because Crisostomo does not contest re-movability for violating a controlled substance law, the Government argues that the question of whether Crisostomo was convicted of an "aggravated felony” pertains only to the issue of whether he is eligible for cancellation of removal. Accordingly, the Government argues that Crisostomo bore the burden of establishing by a preponderance of the evidence that he did not commit an aggravated felony. See INA § 240(c)(4)(A)(i) [8 U.S.C. § 1229a(c)(4)(A)(i) ]. Because we will affirm the conclusion that the Government met its affirmative burden to establish the aggravated felony conviction through clear and convincing evidence, we necessarily also conclude that Crisostomo also did not establish by a preponderance of the evidence that he was not convicted of an aggravated felony.

. INA § 101(a)(43)(B) [8 U.S.C. § 1101(a)(43)(B) ] defines an "aggravated felony” to include "illicit trafficking in a controlled substance ... including a drug trafficking crime (as defined in section 924(c) of Title 18).” 18 U.S.C. § 924(c)(2) defines a “drug trafficking crime” to include "any felony punishable under the Controlled Substances Act (21 U.S.C. §§ 801, et seq.).”

.We note that we have held that a conviction under 35 P.S. §§ 780-113(a)(30) is analogous to a conviction under 21 U.S.C. § 841(a)(1), which prohibits the knowing or intentional "distribution] ... or possession] with intent to ... distribute” a controlled substance, for example, cocaine. See Jeune v. Att’y Gen., 476 F.3d 199, 205 (3d Cir.2007). This federal crime is a felony because it carries a maximum penalty in excess of one year. 21 U.S.C. § 841(b)(1)(C) (providing for a maximum sentence of 20 years); 18 U.S.C. § 3559 (providing that, if the crime prescribes a maximum sentence of more than one year, it is a felony).