[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 10-12666
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 24, 2011
JOHN LEY
CLERK

Agency No. A089-231-237

ALEJANDRO GHYSELS-REALS,

Petitioner,

versus

U. S. ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(March 24, 2011)

Before EDMONDSON, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Alejandro Ghysels-Reals, a native and citizen of Argentina, petitions this

court for review of the Board of Immigration Appeals's (BIA) affirmance of the

Immigration Judge's (IJ) order denying his motions to suppress the Form I-213[1] and to terminate proceedings.

Ghysels-Reals entered the United States in October 2000 with authorization to remain for a period not to exceed six months. In December 2009, while still in the United States, Ghysels-Reals was detained by the police during a routine traffic stop. As a result of the traffic stop, the Department of Homeland Security served Ghysels-Reals with a Notice to Appear, charging him as removable for remaining in the United States for longer than his visa permitted. Ghysels-Reals filed a motion to suppress the evidence obtained during his detention as reflected in the Form I-213, arguing that the traffic stop was illegal. The IJ denied his motion and the BIA affirmed and dismissed his appeal, noting that the exclusionary rule is generally not applicable in immigration proceedings. Further, the BIA concluded that Ghysels-Reals failed to demonstrate that he was stopped solely on the basis of his appearance, and thus he failed to show that suppression was warranted.

Ghysels-Reals filed this petition for review, contending that 1) because the

---

[1] A Form I-213 or "Record of Deportable/Inadmissible Alien" is a form routinely completed for aliens who illegally enter or are present within the United States and are stopped by law enforcement. It contains personal information, including, *inter alia*, the date and place of birth, familial information, the date and manner of entry into the United States, photographs, fingerprints, and alien identification number.

stop was unlawful, the government cannot meet its burden to prove his alienage without Form I-213 and 2) that the Form I-213 should not be given any evidentiary weight as it contains unsubstantiated hearsay statements. Upon review of the record, the petition is denied.

## I.

We review legal determinations of the BIA *de novo*, and review "administrative fact findings under the highly deferential substantial evidence test." *Silva v. U.S. Att'y Gen.*, 448 F.3d 1229, 1236 (11th Cir. 2006). We must affirm the decision of the BIA if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Id.* (internal quotation marks omitted). Under the substantial-evidence test, "we view the record in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Adefemi v. Ashcroft*, 386 F.3d 1022, 1027 (11th Cir. 2004) (*en banc*). Thus, "[t]o conclude the BIA's decision should be reversed, we must find that the record not only supports the conclusion, but compels it." *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007) (internal quotation marks omitted).

## II.

The exclusionary rule is generally not applicable in immigration proceedings. *INS v. Lopez-Mendoza*, 468 U.S. 1032, 1044-51 (1984). Further,

"the 'body' or identity of a defendant . . . in a criminal or civil proceeding is never itself suppressible as fruit of an unlawful arrest, even if it is conceded that an unlawful arrest, search, or interrogation occurred." *Id.* at 1039. Moreover, evidence obtained illegally can be used in deportation proceedings, unless the violation was so "egregious. . . that [it] [ ] transgress[es] notions of fundamental fairness and undermine[s] the probative value of the evidence obtained." *Id*. at 1050.

Here, the BIA properly concluded that the traffic stop did not amount to an egregious violation of Ghysels-Reals's Fourth and Fifth Amendment rights, and affirmed the IJ's admission of the Form I-213. Nothing in the record suggests that Ghysels-Reals was subjected to abuse, force, racial profiling, or other conduct that rises to the level required for exclusion. Additionally, Ghysels-Reals failed to present any evidence to support the contention that the information contained within the Form I-213 was false or based upon coercion or duress. Because Ghysels-Reals cannot establish any egregious constitutional violation, there is no basis to apply the exclusionary rule. Therefore, the BIA properly affirmed the IJ's admission of the Form I-213. Accordingly, we deny Ghysels-Reals's petition for review.

**PETITION DENIED.**

4