[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-13181
Non-Argument Calendar
_____

Agency No. A088-662-152


DARIUS PANUMIS,

Petitioner,

versus

U.S. ATTORNEY GENERAL,

Respondent.


_____

Petition for Review of a Decision of the
Board of Immigration Appeals
_____

(February 9, 2015)

Before HULL, WILSON, and BLACK, Circuit Judges.

PER CURIAM:

Darius Panumis, a citizen of Lithuania, petitions for review of the Board of

Immigration Appeals's (BIA) order affirming the Immigration Judge's (IJ) denial

of his application for asylum and request for withholding of removal and relief

under the United Nations Convention Against Torture (CAT).[1]  On appeal,

Panumis argues that the BIA and the IJ erroneously gave substantial weight to the

Form I-213[2] Record of Deportable/Inadmissible Alien in support of their adverse

credibility determinations.  Specifically, he argues the Form I-213 was highly

prejudicial, unreliable, carried little probative value, and, consequently, should not

have been admitted.  In addition, Panumis argues that the BIA's affirmance of the

IJ's adverse credibility determination was erroneous because it is not supported by

substantial evidence in the record, and, therefore, requires reversal.  In conjunction

therewith, Panumis requests that we remand his case to the BIA for further

adjudication of his asylum and withholding of removal claims.

Upon a thorough review of the entire record, and after consideration of the

parties' briefs, we deny Panumis's petition for review in part and dismiss it in part.

I.

---

[1] Panumis does not argue his CAT relief claim on appeal, and thus has abandoned it. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005) (per curiam) (issues not raised on appeal are deemed abandoned).

[2] A Form I-213 is routinely completed when an illegal immigrant present in the United States is apprehended by law enforcement.  It contains personal information including the date and place of birth, familial relations, photographs, and finger prints. *See, e.g*, *Ghysels-Reals v. U.S. Atty. Gen.*, 418 F. App'x 894, 894 n.1 (11th Cir. 2011) (per curiam).

As a preliminary matter, we must first determine whether we have jurisdiction to review the BIA's and the IJ's adverse credibility finding as it specifically relates to Panumis's asylum claim since the BIA and the IJ determined that his asylum claim was time-barred—Panumis's application was filed approximately ten years after he entered into the United States.  We recognize that Panumis does not specifically argue on appeal that the BIA and the IJ erred in determining that his application for asylum was untimely.  Rather, on appeal, Panumis focuses his arguments primarily on both the BIA's and the IJ's adverse credibility findings.  However, in so doing, Panumis asserts that as a result of the adverse credibility findings below, this court should remand his case to the BIA for further adjudication of his asylum and withholding of removal claims.

"We review subject-matter jurisdiction de novo." *Ruiz v. Gonzales*, 479 F.3d 762, 765 (11th Cir. 2007).  An application for asylum must be filed within one year of entering the United States.  8 U.S.C. § 1158(a)(2)(B).  "An application for asylum of an alien may be considered, notwithstanding [a failure to file it within one year] if the alien demonstrates . . . either the existence of changed circumstances which materially affect the applicant's eligibility for asylum or extraordinary circumstances relating to the delay in filing an application."  8 U.S.C. § 1158(a)(2)(D).  However, no court has jurisdiction to review any determination of the Attorney General under § 1158(a)(2), which includes whether

3

or not an "alien [has] demonstrat[ed] by clear and convincing evidence that the application [was] filed within 1 year after the date of the alien's arrival in the United States." *Id*. § 1158(a)(3), (2)(B).  Therefore, we are divested of jurisdiction to review whether an alien complied with the time limit for filing an application for asylum.  *See Ruiz*, 479 F.3d at 765 (holding that this court lacks jurisdiction to review the denial of asylum when the basis of the denial is the alien's failure to comply with the one-year time limit).

For these reasons, we conclude that we lack jurisdiction to review the BIA's affirmance of the IJ's adverse credibility finding as it relates specifically to Panumis's asylum claim.  Therefore, our review of Panumis's petition is limited to Panumis's challenge to the BIA's and the IJ's adverse credibility determinations only as they relate to the denial of his withholding of removal claim.  Accordingly, we dismiss Panumis's petition for review to the extent it challenges the denial of his application for asylum.

## II.

"When the BIA issues a decision, we review only that decision, except to the extent that the BIA expressly adopts the IJ's decision." *Lopez v. U.S. Att'y Gen.*, 504 F.3d 1341, 1344 (11th Cir. 2007).  If the BIA issues its own decision but relies in part on the IJ's reasoning, we review both decisions to the extent that the BIA relied on the IJ's reasoning.  *See Mu Ying Wu v. U.S. Att'y Gen.*, 745 F.3d 1140,

1153 (11th Cir. 2014).  Here, the BIA issued its own decision regarding the IJ's reliance on the Form I-213, but also agreed with some of the IJ's reasoning concerning Panumis's inconsistencies.  Thus, to that limited extent, we review both decisions.  *See id.*

## A.

Panumis argues that the BIA and the IJ erroneously gave substantial weight to the Form I-213 Record of Deportable/Inadmissible Alien in support of their adverse credibility determinations.  Panumis asserts that this was erroneous because the Form I-213 was highly prejudicial, unreliable, carried little probative value, and, consequently, should not have been admitted as evidence in his deportation proceedings.  In addition, Panumis argues that the BIA's and the IJ's adverse credibility determinations were erroneous because those determinations were not supported by substantial evidence in the record.  Consequently, Panumis asserts that the denial of his withholding of removal claim requires reversal for further adjudication.

We review agency legal determinations de novo and factual determinations under the substantial-evidence test.  *Lopez*, 504 F.3d at 1344.  Under the substantial-evidence test, this Court "must affirm the decision if it is supported by reasonable, substantial, and probative evidence on the record considered as a whole."  *Id.* (internal quotation marks omitted).  This test also requires us to

5

"review the record evidence in the light most favorable to the agency's decision and draw all reasonable inferences in favor of that decision." *Diallo v. U.S. Att'y Gen.*, 596 F.3d 1329, 1332 (11th Cir. 2010) (per curiam) (internal quotation marks omitted). We reverse findings of fact "only when the record compels a reversal." *Id.* (internal quotation marks omitted).

The Federal Rules of Evidence do not apply in immigration proceedings. *See Garces v. U.S. Att'y Gen.*, 611 F.3d 1337, 1347 (11th Cir. 2010) (noting that "it is a well-settled principle that the Federal Rules of Evidence do not apply in administrative proceedings") (internal quotation marks omitted). Evidence is admissible in deportation proceedings if it is probative and its use is fundamentally fair. *In re Ponce-Hernandez*, 22 I. & N. Dec. 784, 785 (BIA 1999). "[A]bsent any evidence that a Form I-213 contains information that is incorrect or was obtained by coercion or duress, that document is inherently trustworthy and admissible as evidence to prove alienage or deportability." *Id.*

Credibility determinations are factual findings reviewed under the substantial-evidence test. *D-Muhumed v. U.S. Att'y Gen.*, 388 F.3d 814, 817–18 (11th Cir. 2004). To rebut an adverse-credibility determination, an applicant must show that it is "not supported by specific, cogent reasons or was not based on substantial evidence." *Carrizo v. U.S. Att'y Gen.*, 652 F.3d 1326, 1332 (11th Cir. 2011) (per curiam) (internal quotation marks omitted). Absent corroborating

evidence, "an adverse credibility determination may be sufficient to support the denial of an application [for withholding of removal]." *Id.* (internal quotation marks omitted).

A trier of fact considering the totality of the circumstances may base his credibility determination on all relevant factors, which include: (1) demeanor, candor, or responsiveness of the applicant; (2) the inherent plausibility of the applicant's account; (3) the consistency between the applicant's written and oral statements; (4) the internal consistency of each such statement; (5) the consistency of such statements with other evidence in the record; (6) and any inaccuracies or falsehoods in such statements, without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim.   8 U.S.C. § 1158(b)(1)(B)(iii).[3]  Although an applicant may provide tenable explanations for implausibilities in his claim, tenable explanations alone do not compel reversal. *See Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1233 (11th Cir. 2006) (per curiam) (reasoning that an alien's tenable explanations, absent corroborating evidence, did not compel reversal of the IJ's adverse-credibility determination).

To receive withholding of removal, an applicant "must show that his life or freedom would be threatened in [the] country [of removal] because of [his] race,

---

[3] Although 8 U.S.C. § 1158(b)(1)(B)(iii), controls credibility determinations in the context of applications for asylum, the same standard applies to credibility determinations made in the context of withholding of removal.  8 U.S.C. § 1231(b)(3)(C).

religion, nationality, membership in a particular social group, or political opinion."

*Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1257 (11th Cir. 2006) (per curiam)

(internal quotation marks omitted).  The burden of proof for withholding of

removal is "more likely than not."  *Id.*

In the present case, we find no evidence in the record to establish that the

use of the Form I-213 during Panumis's deportation proceedings was inconsistent

with fundamental fairness or that the Form I-213 contained information that was

incorrect or that was obtained coercively.  The Form I-213 was probative of

Panumis's credibility because it was documentary evidence that allowed the BIA

and the IJ to assess the consistency of Panumis's statements.  In addition, its use

was not fundamentally unfair because Panumis had the opportunity to contest the

Form I-213's allegations, despite the fact that he was unable to cross-examine the

agent who made the allegations.  The Confrontation Clause of the Sixth

Amendment only applies in criminal proceedings.  *See* U.S. Const. amend. VI.

Further, the record indicates that neither the IJ nor the BIA relied exclusively

on the Form I-213 in making credibility findings.  *See Shkambi v. U.S. Atty. Gen.*,

584 F.3d 1041, 1051 (11th Cir. 2009) (per curiam) (affirming adverse credibility

determination when the IJ did not rely exclusively on omissions from an airport

interview to discredit an applicant).  While Panumis asserts that the Form I-213

was inadmissible for several reasons that are akin to traditional evidentiary

objections, the Federal Rules of Evidence do not apply in immigration proceedings, and documents are admissible if they are probative and their use is fundamentally fair. *See Garces*, 611 F.3d at 1347; *In re Ponce-Hernandez,* 22 I. & N. Dec. at 785. Therefore, we conclude that the IJ properly admitted and credited the Form I-213 because it was probabtive of Panumis's credibility and its use was consistent with fundamental fairness. *See In re Ponce-Hernandez*, 22 I. & N. Dec. at 785.

We also conclude that the BIA's and the IJ's finding that Panumis lacked credibility is supported by substantial evidence in the record and that the BIA and the IJ offered specific, cogent reasons for their determinations. The BIA and the IJ cited numerous contradictions and inconsistencies between Panumis's testimony and other documentary evidence found in the record in support of their adverse credibility determinations, which included but was not limited to: (1) the fact that the Form I-213 provided a completely different account of Panumis's time in the United States than was provided by his subsequent testimony; (2) the fact that Panumis testified that his father was approached several times and beaten, but made no mention of these beatings in his Form I-589[4]; (3) the fact that Panumis testified that his sister was never physically harmed, but later testified that she had

---

[4] A Form I-589 is used by people that are already in the United States who are not United States citizens who wish to apply for asylum and withholding of removal. This form details the reasons why a person is applying for this status.

9

been pushed against a wall and choked; (4) the fact that Panumis testified that after he arrived in the United States he attended naval school for two months, but later testified that he had finished naval school in one day; and (5) the fact that Panumis testified that while he was held captive as a victim of human trafficking, his captors punched him in the nose which caused his nose to bleed everywhere, but later testified that he was only pushed and punched in the stomach—during which his captors continued to yell at him.

Since the BIA's and the IJ's determinations that Panumis lacked credibility is supported by reasonable, substantial, and probative evidence in the record considered as a whole, and since Panumis has failed to rebut these determinations by showing that these adverse credibility determinations were not supported by specific, cogent reasons, or were not based on substantial evidence, we must affirm the decision of the BIA. *See Carrizo*, 652 F.3d at 1332; *see also Lopez*, 504 F.3d at 1344. We also note that Panumis does not argue on appeal that the documentary evidence in the record establishes that more likely than not his life or freedom would be threatened on the basis of his race, nationality, political opinion, or his membership in a particular social group should he return to Lithuania. See *Ruiz*, 440 F.3d at 1257. Accordingly, Panumis's petition for review of his request for withholding of removal is denied.

**PETITION DISMISSED IN PART AND DENIED IN PART.**

10