# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2023

Lyle W. Cayce
Clerk

No. 21-60798

Cleiton Alexandre-Matias,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. 098 885 746

Before Wiener, Higginson, and Wilson, *Circuit Judges*.
Cory T. Wilson, *Circuit Judge*:

In 2005, Cleiton Alexandre-Matias, a native and citizen of Brazil, was ordered removed in absentia. In 2018, he moved to reopen and rescind the removal order, and an immigration judge (IJ) denied his request. He appealed to the Board of Immigration Appeals (BIA), and the BIA dismissed his appeal. He now petitions for review of that dismissal.

This court reviews the BIA's decision and considers the IJ's decision only to the extent it influenced the BIA. *Orellana-Monson v. Holder*, 685 F.3d 511, 517 (5th Cir. 2012). "We review the denial of a motion to reopen under

No. 21-60798

a highly deferential abuse-of-discretion standard." *Fuentes-Pena v. Barr*, 917 F.3d 827, 829 (5th Cir. 2019); *see also Hernandez-Castillo v. Sessions*, 875 F.3d 199, 203–04 (5th Cir. 2017) (describing highly deferential standard of review). "Motions to reopen immigration proceedings are disfavored because as a general matter, every delay works to the advantage of the deportable alien who wishes merely to remain in the United States." *Fuentes-Pena*, 917 F.3d at 829 (internal quotations and citation omitted).

The BIA's factual findings are reviewed for substantial evidence, and its rulings of law are reviewed *de novo*. *Orellana-Monson*, 685 F.3d at 517. The substantial evidence test "requires only that the BIA's decision be supported by record evidence and be substantially reasonable." *Omagah v. Ashcroft*, 288 F.3d 254, 258 (5th Cir. 2002). This court will not reverse the BIA's factual findings unless the evidence compels a contrary conclusion. *Chen v. Gonzalez*, 470 F.3d 1131, 1134 (5th Cir. 2006). "The applicant has the burden of showing that the evidence is so compelling that no reasonable factfinder could reach a contrary conclusion." *Id.*

In this appeal, Alexandre-Matias lodges several challenges to the denial of his motion to reopen. For the first time, he contends that the BIA and the IJ lacked jurisdiction over his removal proceedings because the record does not show that his notice to appear (NTA) was ever filed with the immigration court, as required by 8 C.F.R. § 1003.14(a). We have previously explained that § 1003.14 "is not jurisdictional," but is "a claim-processing rule." *Pierre-Paul v. Barr*, 930 F.3d 684, 691 (5th Cir. 2019), *abrogated in part on other grounds by Niz-Chavez v. Garland*, 141 S. Ct. 1474, 1479–80 (2021).[1] Thus, Alexandre-Matias's jurisdictional challenge fails. And because he

---

[1] *See Maniar v. Garland*, 998 F.3d 235, 242 n.2 (5th Cir. 2021) (confirming that *Pierre-Paul*'s jurisdictional holding remains good law).

raises his alternative non-jurisdictional challenge based on § 1003.14 for the first time in his reply brief, we will not consider it. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).

In another new argument, Alexandre-Matias contends that the BIA erred by relying on a reconstructed record that did not contain his NTA.[2]  In denying his request, the BIA mainly relied on the Form I-213, the Record of Deportable/Inadmissible Alien, that was in the reconstituted record. "[A]bsent any evidence that a Form I-213 contains information that is incorrect or was obtained by coercion or duress, that document is inherently trustworthy and admissible as evidence to prove alienage or deportability." *Matter of Ponce-Hernandez*, 22 I. & N. Dec. 784, 785 (BIA 1999); *see also Matter of Barcenas*, 19 I. & N. Dec. 609, 611 (BIA 1988) (describing a Form I-213 as an "inherently trustworthy" document).  We have previously held that a Form I-213 may be used to establish an alien's deportability.  *See Bustos-Torres v. INS*, 898 F.2d 1053, 1058 (5th Cir. 1990).

Alexandre-Matias's Form I-213 was completed on the same day he was encountered by Border Patrol with no entry visa.  The Form I-213 reflects that an interpreter was provided and assisted in the NTA paperwork. Moreover, the address where Alexandre-Matias planned to live in Massachusetts was recorded on the document.  We discern nothing in the record to suggest that Alexandre-Matias's Form I-213 "is incorrect or was

---

[2] We note that Alexandre-Matias did not raise this issue in a motion to reconsider with the BIA, which would have previously foreclosed our review of this claim.  However, the Supreme Court recently overruled this court's long-held view that the exhaustion requirement of 8 U.S.C. § 1252(d)(1) is jurisdictional in nature. *Santos-Zacaria v. Garland*, 143 S. Ct. 1103 (2023).  In *Santos-Zacaria*, the Court held that the exhaustion requirement is instead a claim-processing rule.  *Id*. at 1113–14.  And Alexandre-Matias is no longer required to file a motion to reconsider a claim that arises as the result of the BIA opinion before pursuing that claim on appeal here. *See id*. at 1119–20.

obtained by coercion or duress," *Ponce-Hernandez*, 22 I. & N. Dec. at 785; the BIA could thus properly rely on it as "inherently trustworthy and admissible as evidence," *id.*, that Alexandre-Matias received notice of his removal hearing.

Next, Alexandre-Matias contends that his in absentia removal order should have been rescinded because he did not receive written notice of the time and place of his removal hearing, as required by 8 U.S.C. § 1229(a)(1)(G)(i). *See* 8 U.S.C. § 1229a(b)(5)(C)(ii) (stating that an in absentia removal order may be rescinded via a motion to reopen when the alien demonstrates that he did not receive the notice required by § 1229(a)). But Alexandre-Matias's Form I-213 references the time, date, and location of the scheduled removal hearing and records that Alexandre-Matias was provided with the "necessary forms to affect [sic] the NTA," as well as a certified interpreter to translate the NTA paperwork. The BIA thus concluded that Alexandre-Matias had been personally served with an NTA, advised of the time and place of his removal hearing, and afforded a Portuguese interpreter. Though Alexandre-Matias presented his own sworn declarations challenging his understanding of the translator's statements, documents he may have signed, and his need to attend a removal hearing, he failed to present such compelling evidence that no reasonable factfinder could conclude against it. *See Wang v. Holder*, 569 F.3d 531, 536–37 (5th Cir. 2009). The BIA thus did not abuse its discretion in dismissing Alexandre-Matias's appeal from the denial of his motion to reopen. *See Hernandez-Castillo*, 875 F.3d at 203–04.

Finally, Alexandre-Matias asserts that his due process rights were violated. The Fifth Amendment entitles aliens to due process of law in removal proceedings. *Ramos-Portillo v. Barr*, 919 F.3d 955, 963 (5th Cir. 2019). Such due process claims are reviewed *de novo*. *Arteaga-Ramirez v. Barr*, 954 F.3d 812, 813 (5th Cir. 2020) (per curiam). To the extent that

No. 21-60798

Alexandre-Matias is asserting a due process challenge to the discretionary denial of his motion to reopen, his claim fails for lack of a liberty interest. *See Ramos-Portillo*, 954 F.3d at 963.  To the extent that he is asserting a due process challenge relating to his purported failure to receive notice of his scheduled removal hearing, he is required initially to show substantial prejudice by making "a prima facie showing that the alleged violation affected the outcome of the proceedings." *Okpala v. Whitaker*, 908 F.3d 965, 971 (5th Cir. 2018).  Relying on his Form I-213, the BIA determined that Alexandre-Matias failed to establish that his purported problems understanding the interpreter caused him substantial prejudice by preventing him from discovering his hearing date.  The BIA did not reversibly err in this regard.

For the foregoing reasons, Alexandre-Matias has not demonstrated that the BIA erred on any ground in dismissing his appeal.

PETITION DENIED.