# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit
**FILED**
August 1, 2025
Lyle W. Cayce
Clerk

No. 25-60097
Summary Calendar

———————————

Sonia Cano-Osorio,

*Petitioner*,

*versus*

Pamela Bondi, *U.S. Attorney General*,

*Respondent*.

———————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 961 781

———————————————————

Before Higginbotham, Engelhardt, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Sonia Cano-Osorio, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' (BIA) decision upholding the immigration judge's (IJ) denial of her motion to reopen. The IJ ordered that

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-60097

Cano-Osorio be removed in absentia after she failed to appear at her scheduled hearing in July 2002.

We review the BIA's decision and only consider the IJ's decision to the extent it influenced the BIA. *Alexandre-Matias v. Garland*, 70 F.4th 864, 867 (5th Cir. 2023). The agency's denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard." *Id.* (internal quotation marks and citation omitted).

Cano-Osorio has waived her argument that the agency erred in finding that she received proper notice of the July 2002 hearing pursuant to a hearing notice under 8 U.S.C. § 1229(a)(2). *See Bouchikhi v. Holder*, 676 F.3d 173, 179 (5th Cir. 2012) (per curiam) (recognizing that petitioners waive arguments that are not presented in their opening briefs).

Second, circuit precedent forecloses Cano-Osorio's argument that the omission of a hearing date and time in her notice to appear deprived the immigration court of jurisdiction and thereby resulted in a violation of her due process rights. *See Sustaita-Cordova v. Garland*, 120 F.4th 511, 519 (5th Cir. 2024).

Finally, we lack jurisdiction to consider the agency's denial of sua sponte regulatory reopening because there is no legal standard by which to judge the agency's discretionary ruling. *See Garcia-Gonzalez v. Garland*, 76 F.4th 455, 465 (5th Cir. 2023). While Cano-Osorio contends that our precedent is erroneous, the precedent is binding here. *See id.* at 466 n.16.

The petition for review is DENIED in part and DISMISSED in part.