# United States Court of Appeals
# for the Fifth Circuit

————————

No. 25-60364
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**
April 15, 2026

Lyle W. Cayce
Clerk

SELVIN EDUARDO MALDONADO-SERRANO,

*Petitioner,*

*versus*

TODD WALLACE BLANCHE, *U.S. Attorney General*,

*Respondent.*

————————————————————

Petition for Review of an Order of the
Board of Immigration Appeals
Agency No. A078 971 918

————————————————————

Before JONES, RICHMAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Selvin Eduardo Maldonado-Serrano, a native and citizen of Honduras, petitions for review of the June 11, 2025 decision of the Board of Immigration Appeals (BIA) on remand, wherein the BIA denied his August 2018 motion to reopen and rescind his in absentia removal order.

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60364

Maldonado-Serrano was ordered removed in absentia after he failed to appear at his scheduled hearing on July 29, 2002.

The BIA's denial of a motion to reopen is reviewed "under a highly deferential abuse-of-discretion standard." *Alexandre-Matias v. Garland*, 70 F.4th 864, 867 (5th Cir. 2023) (internal quotation marks and citation omitted). Although Maldonado-Serrano's notice to appear lacked a hearing date and time, a subsequent notice of hearing (NOH) under 8 U.S.C. § 1229(a)(2) advising him of the July 29, 2002 hearing and was mailed to his address of record.

In denying his motion in this case, the BIA determined that *Campos-Chaves v. Garland*, 602 U.S. 447 (2024), was controlling. *Campos-Chaves* held that an alien seeking rescission of his in absentia removal order for lack of notice, *see* 8 U.S.C. § 1229a(b)(5)(C)(ii), must demonstrate that he did not receive proper notice, either through a notice to appear under § 1229(a)(1) or a notice of hearing under § 1229(a)(2), of the missed hearing that resulted in the in absentia removal order. *Campos-Chaves*, 602 U.S. at 450, 457-62. Thus, an alien is ineligible for such rescission if notice of the hearing in question was provided to him in accordance with § 1229(a)(2), even if his notice to appear failed to include a hearing date and time. *See id.* at 450-51, 456-62.

Maldonado-Serrano contends that *Campos-Chaves* is distinguishable because he did not receive the NOH for his July 29, 2002 hearing despite providing a proper mailing address. His argument is unavailing. The BIA previously determined, in connection with the denial of his first motion to reopen in 2018, that he failed to rebut the presumption of delivery of the NOH and accordingly failed to show that he lacked proper notice under § 1229(a)(2) of his July 29, 2002 hearing. In 2019, this court denied

2

No. 25-60364

Maldonado-Serrano's petition for review of the BIA's earlier decision. *Maldonado-Serrano v. Whitaker*, 752 F. App'x 212, 213-14 (5th Cir. 2019).

Maldonado-Serrano has not shown that the BIA abused its discretion in this case by relying on the earlier determination regarding the NOH's delivery. Further, he has not shown that the BIA ignored his arguments concerning lack of proper statutory notice of his removal hearing and the violation of his due process rights. The BIA did not abuse its discretion in concluding that *Campos-Chaves* was controlling in this case, including on those claims, given that the NOH constituted proper notice under § 1229(a)(2). *See Campos-Chaves*, 602 U.S. at 450-51, 456-62. Lastly, we lack jurisdiction to consider Maldonado-Serrano's challenge to the BIA's denial of sua sponte regulatory reopening under 8 C.F.R. § 1003.2(a). *See Garcia-Gonzalez v. Garland*, 76 F.4th 455, 465-66 (5th Cir. 2023).

Accordingly, the petition for review is DISMISSED in part and DENIED in part.